IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Jerry Bain and Jennifer Bain,**

      **Plaintiffs,**

v.                                                                                            Case No. 16-2326-JWL

**Continental Title Holding Company, Inc.,**
**First National Bank of Omaha, Inc.; Platinum**
**Realty, LLC; and Kathryn Sylvia Coleman,**

      **Defendants.**

## MEMORANDUM & ORDER

Plaintiffs, homebuyers in a real estate transaction, filed this lawsuit against defendants after a third-party computer "hacker" intercepted an email containing wiring instructions for the nearly $200,000 payment plaintiffs intended to make for the property. According to the complaint, the hacker modified the wiring instructions such that plaintiffs' funds were wired to an account controlled by the hacker and plaintiffs have been unable to recover those funds. Plaintiffs have asserted federal claims against First National Bank of Omaha, Inc. (FNBO)—the entity that transferred the funds—under the Truth in Lending Act, the Electronic Funds Transfer Act and the Fair Credit Reporting Act. The remaining claims alleged in the complaint are state law claims. Plaintiffs allege gross negligence and unjust enrichment claims against FNBO; gross negligence and Kansas Consumer Protection Act claims against defendant Continental Title Holding Company, Inc. ("Continental Title"); negligence claims against defendants

Platinum Realty, LLC and Kathryn Sylvia Coleman; and breach of fiduciary duty claims against all defendants.

This matter is before the court on defendant Continental Title's motion to dismiss plaintiffs' complaint against it for lack of subject matter jurisdiction (doc. 18). According to Continental Title, the court should decline to exercise supplemental jurisdiction over the claims asserted against Continental Title because the Kansas Consumer Protection Act claim raises a novel and complex issue of state law and because the state law claims in the case substantially predominate over the federal claims asserted against FNBO. As will be explained, the motion is denied.

To begin, Continental Title does not challenge the federal claims asserted against FNBO and does not dispute that the claims asserted against it arise from the same nucleus of operative facts as the federal claims asserted against FNBO. Unquestionably, then, the court has subject matter jurisdiction over the claims asserted against Continental Title. *See Mocek v. City of Albuquerque*, 813 F.3d 912, 935 (10th Cir. 2015) ("A federal court has supplemental jurisdiction to hear any state-law claim that is 'so related to' any claims within the court's original jurisdiction as to 'form part of the same case or controversy under Article III of the United States Constitution.'" (quoting 28 U.S.C. § 1367(a))). The real thrust of Continental Title's argument is not that the court lacks subject matter jurisdiction, but that the court should decline to hear the related state-law claims against Continental Title in light of two specific circumstances enumerated in the statute.

Under 28 U.S.C. § 1367(c), a district court has discretion to decline jurisdiction over a supplemental state-law claim if the claim raises a novel or complex issue of state law or the

2

claim substantially predominates over the claim or claims over which the court has original jurisdiction. *See* 28 U.S.C. § 1367(c)(1) & (2). Continental Title asserts that supplemental jurisdiction in this case is not appropriate because plaintiffs' claim against it under the Kansas Consumer Protection Act presents a novel and complex issue of state law—namely, whether a title insurance company is a "supplier" for purposes of the Act. According to Continental Title, the statutory definition does not include title insurance companies; no reported Kansas cases define a title insurance company as a "supplier"; and no reported Kansas cases have applied the Act to a title insurance company. But these purported gaps in the case law do not render the question "novel" or "complex" for purposes of § 1367(c) and nothing set forth in defendant's submission[1] persuades the court that the issue is complex. *See* 13D The Late Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Richard D. Freer, *Federal Practice and Procedure* § 3567.3 at 417-22 (3d ed. 2008) (courts consider state claims to be complex or novel when the claims involves issues of first impression involving uniquely local concerns or state constitutional issues) (collecting cases); *Hunter ex rel. Conyer v. Estate of Baecher*, 905 F. Supp. 341, 343-44 (E.D. Va. 1995) (lack of case law does not render an issue complex or novel and interpretation of state consumer protection act did not raise novel or complex issue); *Smith v. K-Mart Corp.*, 899 F. Supp. 503, 507 (E.D. Wash. 1995) (fact that there were no reported Washington cases involving specific claim under the Washington Consumer Protection Act did not mean that claim presented novel or complex issue of state law; district court retained supplemental jurisdiction).

---

[1] Continental Title did not file a reply to plaintiffs' response.

Continental Title also contends that the exercise of supplemental jurisdiction is not appropriate because state law claims substantially predominate over the federal claims asserted in the complaint. In support of this argument, the defendant argues only that the state law claims in the complaint outnumber the federal claims. Predomination of state claims is not established "simply by a numerical count of the state and federal claims the plaintiff has chosen to assert on the basis of the same set of facts." *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 789 (3rd Cir. 1995). Defendant has not compared the state and federal claims in terms of proof, the scope of the issues raised or the nature of the remedies sought. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726-27 (1966). This argument, then, is rejected.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Continental Title's motion to dismiss for lack of subject matter jurisdiction (doc. 18) is denied.

**IT IS SO ORDERED**.

Dated this 19th day of August, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge