**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

**Jerry Bain and Jennifer Bain,**

**Plaintiffs,**

**v.**                                                    **Case No. 16-2326-JWL**

**Continental Title Holding Company, Inc.,
First National Bank of Omaha, Inc.; Platinum
Realty, LLC; and Kathryn Sylvia Coleman,**

**Defendants.**

## <u>MEMORANDUM & ORDER</u>

Plaintiffs, homebuyers in a real estate transaction, filed this lawsuit against defendants after a third-party computer "hacker" intercepted an email containing wiring instructions for the nearly $200,000 payment plaintiffs intended to make for the property.  According to the complaint, the hacker modified the wiring instructions such that plaintiffs' funds were wired to an account controlled by the hacker and plaintiffs have been unable to recover those funds. Plaintiffs have asserted numerous claims against First National Bank of Omaha, Inc. (FNBO), the entity that transferred the funds.  Specifically, plaintiffs have asserted federal claims under the Truth in Lending Act, the Electronic Funds Transfer Act and the Fair Credit Reporting Act as well as state law claims of gross negligence, unjust enrichment, and breach of fiduciary duty.

This matter is before the court on several related motions—FNBO's motion to take judicial notice that the funds transfer was accomplished via Fedwire; FNBO's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c); plaintiffs' motion

to lift the stay of discovery[1]; and plaintiffs' motion for leave to file an amended complaint.  As will be explained, the court declines to take judicial notice that the transfer occurred via Fedwire; grants in part and denies in part FNBO's Rule 12(c) motion; moots the motion to lift the stay of discovery; and will permit the filing of an amended complaint.

FNBO first moves the court to take judicial notice that the transfer of funds described in the complaint was accomplished through Fedwire, the Federal Reserve Bank's wire transfer system.  *See* 12 C.F.R. § 210.26(e); *First Security Bank of New Mexico, N.A. v. Pan American Bank*, 215 F.3d 1147, 1151 (10th Cir. 2000).  This motion, in turn, relates to FNBO's motion for judgment on the pleadings in which FNBO contends, in part, that all Fedwire transfers are governed by Article 4A of the Uniform Commercial Code, which preempts (and requires the dismissal of) plaintiffs' state law tort claims.[2]  Thus, if the court takes judicial notice that the transfer occurred via Fedwire, then the court can resolve FNBO's Rule 12(c) motion without converting it to one for summary judgment.  *Tal v. Hogan*, 453 F.3d 1244, 1264-65 n.24 (10th Cir. 2006) (facts subject to judicial notice may be considered in a Rule 12(c) motion without converting the motion into one for summary judgment).  If, however, the court does not take judicial notice that the transfer occurred via Fedwire, then the court must disregard that fact (which essentially moots the Rule 12(c) motion as it relates to the state law tort claims).

Federal Rule of Evidence 201 governs judicial notice of "adjudicative" facts.  Fed. R.

---

[1] The magistrate judge stayed discovery in this case pending resolution of FNBO's Rule 12(c) motion.

[2] Kansas has adopted Article 4A of the UCC.  *See* K.S.A. § 84-4a-101 et seq.  Nonetheless, FNBO contends that Regulation J—the Federal Reserve Bank's enactment of Article 4A—applies to the transfer at issue in this case. *See* 12 C.F.R. § 210.25.  At this juncture, the court need not determine whether the federal regulation preempts the application of state law to the transfer.

Evid. 201(a).  Pursuant to that rule, the court may judicially notice a fact "that is not subject to reasonable dispute" because it is generally known within the trial court's territorial jurisdiction or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(1).  Adjudicative facts are "the facts that normally go to the jury in a jury case" and relate to "the parties, their activities, their properties, their businesses." *United States v. Iverson*, 818 F.3d 1015, 1030 (10th Cir. 2016) (quoting *United States v. Gould*, 536 F.2d 216, 219-20 (8th Cir. 1976)).  Simply put, judicial notice of facts is an "adjudicative device that alleviates the parties' evidentiary duties at trial, serving as a substitute for the conventional method of taking evidence to establish facts."  *York v. AT & T*, 95 F.3d 948, 958 (10th Cir. 1996).  Where, as here, a party requests a court to take judicial notice of adjudicative facts and supplies the court with the necessary information, Rule 201(d) requires the court to comply with the request.

In support of its motion to take judicial notice, FNBO has submitted the affidavit of Jamie Loehr, one of FNBO's Lead Wire Specialists in its Operation Division.  Ms. Loehr avers, based on her personal knowledge, that the funds transfer at issue in this case was accomplished through Fedwire.  Ms. Loehr attaches to her affidavit a wire transfer report that, according to Ms. Loehr, provides further evidence that the transfer was accomplished through Fedwire.  FNBO urges in its motion, then, that the fact that the transfer occurred through Fedwire is "not subject to reasonable dispute" for purposes of Rule 201(b).  As plaintiffs highlight in their response, however, FNBO has not established that Ms. Loehr's affidavit is a "source whose accuracy cannot reasonably be questioned."  In fact, FNBO does not even address this prong of Rule 201(b) in its motion.  Clearly, the affidavit of an individual—particularly one who works

3

for the moving party and has an interest in the litigation—is not a source of indisputable accuracy under Rule 201(b)(2).  *See United States v. Burch*, 169 F.3d 666,672 (10th Cir. 1999) (a person cannot be source of indisputable accuracy under Rule 201(b)(2) and affidavit explaining significance of attachments cannot support judicial notice of facts therein); *Davison v. Loudoun County Board of Supervisors*, 2016 WL 4801617, at *4 (E.D. Va. Sept. 14, 2016) (affidavits with attachments are not proper subjects of judicial notice); *Robinson v. Chaplin*, 2010 WL 1433883 n.2 (C.D. Cal. Feb. 16, 2010) (a declarant is not a source whose accuracy cannot reasonably be questioned); *Reaves v. International Paper Co. Long-Term Disability Plan*, 2008 WL 2437574, at *1-2 (W.D. Tenn. June 13, 2008) (courts may take judicial notice of an affidavit but not for the truth of the statements it contains); *Pogo Producing Co. v. Moore*, 2006 WL 3484279, at *4  (S.D. Tex. 2006) (affidavit of defendant's forensic document analyst is not "a source whose accuracy cannot reasonably be questioned"); *see also* 21B Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice & Procedure*  § 5106.2 at 220 (2d. ed. 2005) (federal courts should reject the use of human sources under Rule 201); 1 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 201.12[3] (Mark S. Brodin, ed., Matthew Bender 2d ed. 2016) (documents may not be judicially noticed for the truth of the matters stated in them).  Because FNBO has not demonstrated that its assertion that the funds transfer occurred via Fedwire meets the standards for taking judicial notice, that motion is denied.

The court turns, then, to FNBO's motion for judgment on the pleadings, part of which is unopposed by plaintiffs.  Specifically, plaintiffs concede that their federal Truth in Lending Act claims and their Fair Credit Reporting Act claims cannot survive FNBO's motion.  The motion,

then, is granted to that extent.  The motion is denied to the extent FNBO seeks dismissal of plaintiffs' state law tort claims because that aspect of the motion is premised on the court taking judicial notice of the fact that the funds transfer occurred via Fedwire such that Article 4A of the UCC preempts those claims.  The motion is also denied to the extent that FNBO seeks dismissal of plaintiffs' claim under the Electronic Funds Transfer Act, as that portion of the motion is also premised on the court taking judicial notice that the funds transfer occurred via Fedwire.[3] Moreover, because plaintiffs' motion to lift the stay of discovery is premised on their asserted need to gather evidence to respond to FNBO's Rule 12(c) motion and, more specifically, that portion of the motion concerning Article 4A of the UCC, that motion is now moot.  The stay will be lifted in light of the court's denial of that aspect of the Rule 12(c) motion.

Lastly, the court turns to plaintiffs' motion for leave to file an amended complaint.  In their motion, plaintiffs seek to add a claim under Article 4A of the UCC (as enacted in Kansas) and to maintain their Electronic Funds Transfer Act claim as well as their state law tort claims against FNBO.  The court will permit the amendment.  While FNBO urges that the EFTA claim and state law tort claims are inconsistent with plaintiffs' proposed Article 4A claim, they are clearly entitled to plead alternative theories at this stage.  *See* Fed. R. Civ. P. 8(d).  Moreover, even assuming that the funds transfer that occurred in this case was accomplished through

---

[3] FNBO has not asked the court to treat its motion as one for summary judgment in the event the court denied the motion to take judicial notice and, because the court is required to give notice to the parties prior to converting a motion and no such notice has been given, the court declines to treat the motion as one for summary judgment. *Price v. Philpot*, 420 F.3d 1158, 1167 (10th Cir.2005) ("[W]hen a district court relies on material from outside the pleadings, the court converts the motion to dismiss into a motion for summary judgment . . ., [a]nd when such a conversion occurs, the district court must provide the parties with notice so that all factual allegations may be met with countervailing evidence.").

Fedwire such that Article 4A applies to the case, the court rejects FNBO's invitation to determine at this juncture that FNBO has no liability under Article 4A. FNBO's liability under Article 4A turns on factual issues concerning whether plaintiffs are "senders" under Article 4A; whether the email string forwarded by plaintiffs to FNBO constitutes a "payment order" under Article 4A and, if so, whether that payment order was "unauthorized" (as alleged by plaintiffs in their proposed complaint) or "erroneous" (as alleged by FNBO in its submissions) within the meaning of Article 4A; and whether and to what extent the parties agreed to any security procedures to protect against fraudulent payment orders. In their proposed amended complaint, plaintiffs assert that FNBO failed to implement appropriate security measures to protect against fraudulent transfers; that FNBO improperly construed the email string as a payment order; and that the transfer was not initiated or authorized by plaintiffs. Suffice it to say, FNBO has simply not demonstrated that plaintiffs have failed to state a plausible Article 4A claim. *See George v. Urban Settlement Servs.*, 833 F.3d 1242, 1247 (10th Cir. 2016) (a claim is facially plausible if the plaintiff has pled factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged); *Shimomura v. Carlson*, 811 F.3d 349, 360 (10th Cir. 2015) (futility of amendment governed by Rule 12(b)(6) standard).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant First National Bank of Omaha, Inc.'s motion to take judicial notice that the funds transfer was accomplished via Fedwire (doc. 36) is **denied**; defendant First National Bank of Omaha, Inc.'s motion for judgment on the pleadings (doc. 38) is **granted in part and denied in part**; plaintiffs' motion

to lift the stay of discovery (doc. 44) is **moot**; and plaintiffs' motion for leave to file an amended complaint (docs. 46, 53) is **granted**.

**IT IS FURTHER ORDERED BY THE COURT THAT** the stay of discovery issued by the magistrate judge on September 13, 2016 is hereby lifted and the magistrate judge, as soon as practicable, shall enter an amended initial order regarding discovery in this case.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiffs shall file their amended complaint no later than Monday, January 30, 2017.

**IT IS SO ORDERED**.

Dated this 20th day of January, 2017, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge